**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41650**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 697 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 27, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN (2013-28) DOE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge. Hon. Scott Wayman, Magistrate.

Order of the district court, on appeal from the magistrate, affirming finding that juvenile fell within the purview of the Juvenile Corrections Act for enticing a child, <u>affirmed</u>.

John M. Adams, Kootenai County Public Defender; Jay Logsdon, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

John Doe, a minor, appeals from the district court's order, entered in its intermediate appellate capacity, affirming the magistrate's finding that Doe fell within the purview of the Juvenile Corrections Act (JCA) for enticing a child. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Doe engaged in an Internet conversation with the victim, a thirteen-year-old girl, during which plans were made for the victim to sneak out of her home during the night to meet with Doe. The conversation indicated, and Doe later admitted, that the purpose of the meeting was to have sexual intercourse with the victim. The victim's mother saw the Internet exchange and contacted police. Doe and the victim were later observed by police at the place they had

1

arranged to meet. Doe fled, but was later apprehended at his home. The state subsequently filed a petition under the JCA alleging that Doe had violated I.C. § 18-1509, enticing a child.[1]

An adjudicatory hearing was held, and the magistrate found that Doe's conduct fell within the purview of the JCA for enticing a child and sentenced him to ninety days' detention. The sentence was suspended and Doe was placed on probation for one year. Doe appealed the magistrate's decision to the district court. The district court affirmed, concluding that there was substantial evidence upon which the magistrate could have found, beyond a reasonable doubt, that Doe had persuaded the victim to leave her home without the authority of her parents. Doe again appeals.

## II.

## STANDARD OF REVIEW

Idaho Code Section 20-505(2) grants the magistrate division of the district court jurisdiction over any juvenile who engages in an act that violates state law and would be a crime if committed by an adult. *State v. Doe*, 144 Idaho 819, 821, 172 P.3d 1094, 1096 (2007). For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as the Idaho Supreme Court's. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a

---

[1] Idaho Code Section 18-1509 provides, in pertinent part:

> (1)      A person shall be guilty of a misdemeanor if that person attempts to persuade, or persuades, whether by words or actions or both, a minor child under the age of sixteen (16) years to either:
> (a)      Leave the child's home or school; or
> (b)      Enter a vehicle or building; or
> (c)      Enter a structure or enclosed area, or alley, with the intent that the child shall be concealed from public view;
> while the person is acting without the authority of (i) the custodial parent of the child, (ii) the state of Idaho or a political subdivision thereof or (iii) one having legal custody of the minor child. Nothing contained in this section shall be construed to prevent the lawful detention of a minor child or the rendering of aid or assistance to a minor child.

matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *Id.*

## III.

## ANALYSIS

Doe argues that the district court erred in affirming the magistrate's finding that there was sufficient evidence to show that Doe fell within the purview of the JCA for enticing a child within the meaning of I.C. § 18-1509. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Doe asserts that there was insufficient evidence to show that his conduct fell within the conduct proscribed in I.C. § 18-1509, which provides, in pertinent part:

> A person shall be guilty of a misdemeanor if that person attempts to persuade, or persuades, whether by words or actions or both, a minor child under the age of sixteen (16) years to . . . [l]eave the child's home or school . . . while the person is acting without the authority of . . . the custodial parent of the child . . . .

According to Doe, because the evidence indicated and the magistrate found that the victim initiated the conversation in which the enticement occurred, his statements and actions could not constitute persuading or attempting to persuade the victim to leave her home. The magistrate found that the conversation, while initiated by the victim, "went both ways" and that Doe was "an active participant in the conversation." Doe argues that, even so, this amounted to mere encouragement and not persuasion as required under the statute.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a

statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

The language at issue in I.C. § 18-1509 is unambiguous and plain. The term "persuade" means "'to move by argument, entreaty, or expostulation to a belief, position, or course of action.'" *United States v. Rashkovski*, 301 F.3d 1133, 1136-37 (9th Cir. 2002) (quoting MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 865 (10th ed. 2002)). *See also* BLACK'S LAW DICTIONARY 1260 (9th ed. 2009) (defining "persuade" as meaning "to induce (another) to do something"). Thus, the magistrate's decree that Doe fell within the purview of the JCA for enticing a child had to be supported by substantial and competent evidence that Doe moved the victim in some way to take a desired course of action--in this case, to sneak out of her home.[2]

As noted by the district court, the magistrate's decree is supported by such evidence. The district court listed in detail the evidence presented at the adjudicatory hearing upon which the magistrate relied. Specifically, the district court noted that the victim testified she did not have permission to leave her home on the night of the incident and that Doe knew that the victim would have to sneak out of her home to meet him. Nevertheless, Doe did not object to the plan and instead persuaded the victim to go through with it by suggesting possible courses of action. There was also testimony that Doe admitted the purpose of the rendezvous was to have sexual intercourse.[3]

---

[2]     Doe argues that the magistrate failed to consider that the victim began the conversation, came up with the idea to sneak out to see Doe, and had a history of leaving home without telling her parents. Even assuming that the magistrate did fail to consider these facts--the record reflects that is not the case--they fail to support Doe's argument. Under I.C. § 18-1509, the defendant need not be the genesis of either the conversation or idea that leads to the prohibited conduct. Moreover, there is no statutory requirement that the victim be an unwilling participant in the conduct. As a result, this argument lacks merit.

[3]     At the adjudicatory hearing, Doe denied that he was an active participant in the conversation and specifically denied that he persuaded the victim to leave her home. Instead, he

Several Internet communications between Doe and the victim illustrate that Doe was not merely a bystander in the conversation and that he was actively persuading the victim to leave her home by suggesting possible courses of action. The most revealing of these is a message Doe sent the victim asking, in response to her statement that they should hang out, "Well, why don't you drive over here?" The most logical way that this message can be read is as an attempt to persuade the victim to leave her home. This is especially true when placed in context with other messages Doe sent that were indicative of his attempt to persuade the victim to meet, such as asking "What time do you wanna meet?" and "How long is it gonna take it [sic] to get there?" Moreover, at one point in the conversation when the victim was away from her computer, Doe sent several messages asking the victim what she was doing, where she had gone, and what the plan was so that he could leave with sufficient time to meet her. These questions took Doe's conduct from mere encouragement to moving the victim toward a certain course of action, even when it seemed that the victim had ceased communication. Doe's active participation in the plan was evidence of persuasion. Doe also made clear his purpose in meeting with the victim when, in response to her statement "Come hang out," he stated, "I'm sure we won't have clothes on most of the time when we kick it." This substantial and competent evidence, which the district court listed in detail in its memorandum decision, supported the magistrate's decree that Doe fell within the purview of the JCA for enticing a child. As a result, the district court did not err in affirming the magistrate's decree.

## IV.

## CONCLUSION

Because the magistrate's finding that Doe fell within the purview of the JCA for enticing a child was supported by substantial and competent evidence, the district court did not err in affirming that decision. Accordingly, we affirm the decision of the district court.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

---

proposed that he thought the victim was coming from a friend's home and that his intent was simply to escort the victim home. The magistrate found his explanation to be not credible in light of the other facts in this case.

5