303 So.2d 667 (1974)
Homer Robert LOWMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 74-73.
District Court of Appeal of Florida, Fourth District.
November 8, 1974.
Rehearing Denied December 18, 1974.
Richard L. Jorandby, Public Defender, and Bruce J. Daniels, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
Appellant's probation was revoked for admitted violations of the conditions of probation, whereupon he was sentenced to a term in the state prison for the substantive offense of which he theretofore had been adjudged guilty, to-wit: false imprisonment. The appeal is from the order of revocation.
By information, appellant was charged with assault with intent to commit rape contrary to Section 784.06, F.S. To that charge he entered a plea of not guilty. When the case was called for trial, appellant requested and received permission of the court to withdraw his plea of not guilty to the charge and in lieu thereof and without amendment to the information he was permitted to enter a plea of nolo contendere to the "lesser included offense of false imprisonment". The court adjudged appellant guilty of the offense of false imprisonment and placed him on probation. This was in February, 1970. In November, 1973, appellant's probation was revoked, and thereafter he was sentenced on the charge of false imprisonment to a term of two years in prison with credit for certain time served.
Appellant's sole point on this appeal is that the court did not have jurisdiction to accept the plea of nolo contendere because false imprisonment is not a lesser included offense of the charge of assault with intent to commit rape.
We agree that false imprisonment is not a lesser included offense of the charge of assault with intent to commit a felony, to-wit: rape. Nor in this particular case were the essential elements of the offense of false imprisonment alleged in *668 the information in such a manner that it could be said that false imprisonment was included in the offense charged by virtue of the wording of the accusatory pleading. Nonetheless, we conclude on the rationale of the Meyers case, infra, that the trial court did have jurisdiction to accept a plea of nolo contendere to the offense for which appellant now stands convicted, to-wit: false imprisonment.
In the case of State v. Meyers, 1964, 256 Iowa 801, 129 N.W.2d 88, the Supreme Court of Iowa considered a somewhat analogous situation. There, appellant Meyers was charged by information with the crime of incest to which he entered a plea of not guilty. Subsequently, Meyers appeared in court with counsel and entered his plea of guilty to the crime of assault with intent to commit rape, as an included offense, which plea was accepted by the court and the charge of incest against the defendant was dismissed. On direct appeal, Meyers contended that the crime of assault with intent to commit rape was not an included offense of the crime of incest, and thus the judgment was void. The Supreme Court of Iowa, agreeing that assault with intent to commit rape was not an included offense in the crime of incest with which Meyers had been charged, nonetheless found that the trial court had jurisdiction and that the court's judgment and sentence was not void.
While it would be the better practice for the trial court to ascertain that the offense to which the plea is to be entered is one for which the accused could be convicted under the offense charged in the information or indictment, and if it is not, to require that an amended accusatory pleading be first filed, nevertheless, the court's failure to follow such practice did not deprive it of jurisdiction in the case.
The order of revocation of probation is affirmed.
WALDEN, J., concurs.
CROSS, J., dissents without opinion.