943 P.2d 72

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary Boyd HOLDAWAY,**
**Defendant-Appellant.**

No. 23050.

Court of Appeals of Idaho.

Aug. 1, 1997.

Whittier, Souza and Clark, Chtd., Oneida County Public Defender, for defendant-appellant.

Alan G. Lance, Attorney General; L. La Mont Anderson, Deputy Attorney General, Boise, for plaintiff-respondent.

LANSING, Judge.

In this case we address the circumstances under which a defendant who has received the sentence to which he stipulated in a plea agreement may justifiably seek reduction of that sentence by a post-judgment motion under Idaho Criminal Rule 35.

Gary Boyd Holdaway was charged with possession of a controlled substance (methamphetamine) with intent to deliver, a violation of I.C. § 37–2732(a)(1)(A). Holdaway entered into a written plea agreement by which the State agreed to amend the charge to a lesser offense, possession of a controlled substance, I.C. § 37–2732(c)(1). The State also agreed to recommend that the court impose a unified five-year sentence with a two-year minimum term and that the court retain jurisdiction for 180 days pursuant to I.C. § 19–2601(4). This plea agreement specifically stated that Holdaway retained the right to withdraw his guilty plea if the court would not accept the sentencing recommendation. After reviewing a presentence investigation report on Holdaway, the district court refused to accept the plea agreement

and permitted Holdaway to withdraw his guilty plea.

Thereafter, a second written plea agreement was submitted to the district court, again providing that Holdaway would plead guilty to the reduced charge of possession of a controlled substance. In this new agreement, the State and Holdaway stipulated that he would receive a unified six-year sentence with a two-year minimum term of incarceration, without the court retaining jurisdiction. The agreement again provided that Holdaway could withdraw his guilty plea if the court did not approve the stipulated sentence, thus making the agreement binding upon the court if the court accepted the plea. It was also a term of the plea agreement that Holdaway waived his right to appeal the judgment and sentence. The district court accepted the second plea agreement and sentenced Holdaway in accordance with its terms.

Holdaway thereafter filed a timely motion for reduction of his sentence pursuant to I.C.R. 35. In support of this motion, Holdaway presented the testimony of a professional therapist who examined Holdaway after the sentencing and recommended in-patient substance abuse treatment for Holdaway at a facility in Seattle, Washington. The therapist was of the opinion that Holdaway was "very appropriate for long-term treatment." So far as our record discloses, no evidence other than the therapist's testimony was offered in support of the Rule 35 motion. In argument to the court, Holdaway's counsel requested that the court suspend the balance of Holdaway's sentence and place him on probation so that he could enroll in the treatment program. The district court denied the motion. Holdaway now appeals from the denial order.

■ We first address the State's contention that this appeal should be dismissed because it is barred by Holdaway's waiver of his right to appeal as a part of his plea agreement. The State correctly points out that a waiver of the right of appeal as a component of a plea agreement is valid and will be enforced if it was made voluntarily, knowingly and intelligently. *State v. Murphy,* 125 Idaho 456, 872 P.2d 719 (1994). However, in this case Holdaway waived the right to appeal only from the "judgment and sentence." [1] Strictly speaking, Holdaway has not appealed from the judgment or original sentence but from the denial of a post-judgment motion. Therefore, we do not find his appeal barred by the waiver in his plea agreement.

■ Other aspects of the plea agreement, however, create a more substantial obstacle to Holdaway's claim for Rule 35 relief. A plea agreement is contractual in nature and must be measured by contract law standards. *State v. Claxton,* 128 Idaho 782, 785, 918 P.2d 1227, 1230 (Ct.App.1996). *See also State v. Lankford,* 127 Idaho 608, 903 P.2d 1305 (1995); *State v. Rutherford,* 107 Idaho 910, 693 P.2d 1112 (Ct.App.1985). By his plea agreement, Holdaway stipulated to, and requested from the court, the very sentence that was imposed. Holdaway's acquiescence in the stipulated sentence was part of the consideration that he gave in exchange for the State's agreement to reduce the charge and to forego its right to urge a more stringent sentence. Holdaway now seeks to retain all of the benefits of the plea bargain while escaping a part of the burden. Such an effort should not ordinarily be countenanced by a court. It is not just the prosecutor who is bound by a plea agreement. A defendant also is obligated to adhere to its terms, and the State is entitled to receive the benefit of its bargain. *See, e.g., State v. Armstrong,* 127 Idaho 666, 668, 904 P.2d 578, 580 (Ct.App.1995). Therefore, in *State v. Wade,* 125 Idaho 522, 873 P.2d 167 (Ct.App.1994), we held that a defendant who had received the precise sentence that he had requested in a written plea agreement

---

1. Holdaway's first plea agreement, which was rejected by the trial court, stated: "The Defendant understands that he has an absolute right to appeal the judgment and sentence of the court. Notwithstanding this absolute right to appeal both the judgment and sentence, the Defendant willingly waives these appeal rights." Holda-way's second written plea agreement did not include this term. However, during the hearing at which this second agreement was presented to the court, both parties stated on the record that they had agreed to the same waiver of appeal rights that was contained in the initial written agreement.

could not be heard to argue on a Rule 35 motion that the sentence was unreasonable when imposed. *Id.* at 525, 873 P.2d at 170. We further stated that the defendant's Rule 35 motion could have merit only if it was justified by new or additional information that was not available when the plea bargain was made. *Id.* at 525–26, 873 P.2d at 170–71.

 We do not hold that a trial court never has authority to reduce a sentence on a Rule 35 motion after a stipulated sentence has been imposed, but in our view such relief should be allowed only in extraordinary circumstances. We agree with the United States District Court which stated in *United States v. Goehl,* 605 F.Supp. 517, 519 (N.D.Ill.1984) that the reduction of an agreed-upon sentence ordinarily will be justified only if "post-sentencing developments, previously unforeseen and rendering the earlier binding agreement inappropriate, were to occur." We are also persuaded by the Ninth Circuit Court of Appeals' decision in *United States v. Semler,* 883 F.2d 832, 835 (9th Cir.1989), holding that former Federal Rule of Criminal Procedure 35(b) permitted the court to reduce an agreed-upon sentence only "in those exceptional cases where the sentence is plainly unjust or unfair in light of the information the district court received after sentencing the defendant." Accordingly, we hold that a defendant requesting reduction of a stipulated sentence must show that his motion is based upon unforeseen events that occurred after entry of his guilty plea or new information that was not available and could not, by reasonable diligence, have been obtained by the defendant before he pleaded guilty pursuant to the agreement. The defendant must also show that these unanticipated developments are of such consequence as to render the agreed sentence plainly unjust.

This standard has not been met by Holdaway. The treatment program in which he now seeks to participate existed when he struck the plea bargain, and he could have obtained a psychological evaluation before he decided to enter into the plea agreement. Holdaway has shown no injustice in his sentence and no compelling reason why he should be relieved of the terms of a plea bargain which he voluntarily made and to which the State has diligently adhered.

The order of the district court denying Holdaway's motion for reduction of his sentence is therefore affirmed.

WALTERS, C.J., and PERRY, J., concur.