29 P.3d 960

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Bill IZZARD, Jr., Defendant–Appellant.**

**Bill Izzard, Jr., Petitioner–Appellant,**

v.

**State of Idaho, Respondent.**

Nos. 26557, 26949.

Court of Appeals of Idaho.

July 27, 2001.

Nevin, Herzfeld Benjamin, Boise, for appellant. Dennis A. Benjamin argued.

Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

PERRY, Judge

In these consolidated cases, Bill Izzard, Jr., appeals from the district court's orders denying Izzard's motion to withdraw his guilty plea and dismissing his application for post-conviction relief. We affirm.

## I.

## BACKGROUND

On December 23, 1996, Izzard was charged by complaint with battery with intent to commit murder, I.C. §§ 18–903, 18–911, and conspiracy to commit murder, I.C. §§ 18–1701, 18–4001. On January 30, 1997, the state filed the charging information.

On February 3, 1997, Izzard pled guilty to an amended charge of aggravated battery, and the state dismissed the remaining conspiracy charge. On February 14, 1997, an amended information conforming with the plea agreement was filed. On April 24, 1997, the district court sentenced Izzard to a unified term of fifteen years, with a minimum period of confinement of seven and one-half years. Izzard filed an I.C.R. 35 motion for reduction of sentence, which was denied by the district court. In an unpublished opin-

ion, this Court affirmed Izzard's judgment of conviction and sentence and the district court's denial of Izzard's Rule 35 motion. *State v. Izzard,* 132 Idaho 625, 977 P.2d 239 (1998).

In September 1999, Izzard filed an I.C.R. 33 motion to withdraw his guilty plea based upon two grounds. First, Izzard asserted that the district court was without jurisdiction or authority to accept his plea to aggravated battery because the amended information was not filed before his plea was accepted. Second, Izzard asserted that he was not informed of the nature of the charge against him before he pled guilty in violation of I.C.R. ˙11(c)(4). The district court concluded that it had jurisdiction to accept Izzard's plea and that Izzard had been aware of the nature of the charge against him. The district court therefore denied Izzard's motion to withdraw his guilty plea.

Simultaneous with his I.C.R. 33 motion, Izzard also filed an application for post-conviction relief asserting that the district court did not have jurisdiction to accept his guilty plea and that Izzard received ineffective assistance of counsel. The district court concluded that it had jurisdiction to accept Izzard's plea and that Izzard did not receive ineffective assistance. The district court therefore dismissed Izzard's application for post-conviction relief.

Izzard appeals, challenging the denial of his motion to withdraw his guilty plea and the dismissal of his application for post-conviction relief on the jurisdictional issue. Izzard does not raise the ineffective assistance claim on appeal. Thus, this Court must determine whether the district court had jurisdiction to accept Izzard's guilty plea and whether Izzard voluntarily and knowingly pled guilty.

## II.

## ANALYSIS

A. **Standard of Review**

1. **Denial of Rule 33(c) Motion**

The decision to grant or deny a motion to withdraw a guilty plea lies in the

discretion of the district court. *State v. McFarland*, 130 Idaho 358, 361, 941 P.2d 330, 333 (Ct.App.1997). Appellate review of the denial of a motion to withdraw a plea is limited to whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *McFarland*, 130 Idaho at 361, 941 P.2d at 333. Idaho Criminal Rule 33(c) provides that a "motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea." The exercise of the trial court's discretion is affected by the timing of the motion to withdraw the plea. *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *McFarland*, 130 Idaho at 361, 941 P.2d at 333. As indicated by Rule 33(c), a motion to withdraw a plea made after sentencing may be granted only to correct a "manifest injustice." *Ballard*, 114 Idaho at 801, 761 P.2d at 1153.

## 2. Dismissal of Application for Post-conviction Relief

Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts

and reasonable inferences in favor of the non-moving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

## B. Jurisdiction

First, Izzard argues that the district court was without jurisdiction to accept his guilty plea to aggravated battery because "there was no information charging [him] with that offense" which had been filed at the time of his plea. Whether a formal amended information must be filed in order to vest a trial court with jurisdiction to accept a defendant's plea of guilty to a lesser charge than that contained in an original information is an issue of first impression in Idaho.

Article I, section 8 of the Idaho Constitution provides that no person "shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor." The information or indictment is the jurisdictional instrument upon which a defendant stands trial. 41 AM. JUR.2d *Indictments and Information* § 19 (1995). A trial court lacks jurisdiction over a criminal defendant if no information or indictment is filed by the state. A trial court may also lack jurisdiction over a defendant if an otherwise filed indictment or information contains jurisdictional defects. *Hays v. State*, 113 Idaho 736, 739, 747 P.2d 758, 761 (Ct.App.1987). A jurisdictional defect exists: (1) when the alleged facts are not made criminal by statute; (2) there is a failure to state facts essential to establish the offense charged; (3) the alleged facts show on their face that the court has no jurisdiction of the charged offense; or (4) the allegations fail to show that the offense charged was committed within the territorial jurisdiction of the court. *Id.*

An information charging Izzard with battery with intent to commit murder and conspiracy to commit murder was filed by the state on January 30, 1997. There is no indication that the information contained any of the jurisdictional defects listed above. As a result, the initial information filed by the state vested the district court with jurisdiction over Izzard, such that he was properly

held to answer for the criminal acts of battery with intent to commit murder and conspiracy to commit murder. Nevertheless, Izzard contends on appeal that the district court was without jurisdiction, in the absence of the filing of an amended information, to accept his plea to a lesser charge than that contained in the original information.

In *Burns v. State*, 300 So.2d 317 (Fla.Dist. Ct.App.1974), the Court of Appeals of Florida considered a similar situation where a defendant pled guilty to an offense that was not included in the original information. The court noted that the state's attorney general had long-advised that an amended information should be filed before a trial court accepts a plea to a lesser offense. Nevertheless, the court determined that it should "treat the proceedings conducted in open court and duly recorded as constituting a mutually agreeable amendment of the accusatory writ." *Id.* at 318. The court explained that all parties had agreed and that the offense to which the defendant pled guilty was less severe than that charged in the information. Consequently, the court held that "there being a full record of acquiescence on both sides to the plea of guilty of grand larceny, we treat the information as amended in open court and affirm the judgment entered thereon." *Id.; see also State v. Anderson*, 537 So.2d 1373, 1376 (Fla.1989) ("The fact that the amended information was subsequently orally amended did not have the effect of divesting the court of jurisdiction.").

In *Lowman v. State*, 303 So.2d 667 (Fla. Dist.Ct.App.1974), the Court of Appeals of Florida again noted that it would be better practice to require that an amended accusatory pleading be first filed before a defendant pleads guilty to a charge not contained in the original information. However, "the court's failure to follow such practice did not deprive it of jurisdiction in the case." *Id.* at 668.

The Supreme Court of Iowa applied a similar reasoning in *State v. Hochmuth*, 585 N.W.2d 234 (Iowa 1998) and held that a defendant may waive objection to the lack of a formal charge by pleading guilty to the uncharged offense so long as the defendant voluntarily, knowingly, and intelligently pleads guilty to a lesser crime not otherwise contained in the original information. *See also State v. Meyers*, 256 Iowa 801, 129 N.W.2d 88 (1964).

■ We agree with the reasoning applied by the courts of Florida and Iowa. Thus, we hold that a trial court is not deprived of jurisdiction to accept a defendant's plea of guilty to a lesser offense than that contained in the original information if the record shows that the parties entered into a mutually agreeable amendment of the information in open court. Under such circumstances, the defendant waives any objection that a written pleading documenting the amendment was not filed prior to the acceptance of the defendant's plea.

The transcript of the plea hearing in the instant case reveals that the parties mutually agreed in open court that the information would be amended such that the first count would be amended to aggravated battery and that the second count would be dismissed. The transcript additionally shows that Izzard, rather than the state, initially notified the district court of the agreement. After the state explained the details of the agreement, Izzard acknowledged that the details of the agreement had been correctly stated for the record. Consequently, the district court was not deprived of jurisdiction to accept Izzard's plea of guilty to the amended charge of aggravated battery.

## C. Voluntarily and Knowingly

Next, Izzard argues that the district court should have granted his motion to withdraw his guilty plea because he was not informed of the nature of the charge to which he pled guilty. Izzard contends that if he had understood the elements of the crime of aggravated battery, he would have known that he had a defense to that crime and would not have pled guilty.

■ A criminal defendant by pleading guilty waives certain constitutional rights, including the privilege against self-incrimination, the right to a jury trial, and the right of confrontation. *Ray v. State,* 133 Idaho 96, 99, 982 P.2d 931, 934 (1999); *State v. Carras-*

*co,* 117 Idaho 295, 297, 787 P.2d 281, 283 (1990). Waiver of these constitutional rights will be upheld if the entire record demonstrates the waiver was made voluntarily, knowingly and intelligently. *Ray,* 133 Idaho at 99, 982 P.2d at 934; *Carrasco,* 117 Idaho at 298, 787 P.2d at 284. The plea must be entered with a full understanding of what the plea connotes and of its consequences. *Ray,* 133 Idaho at 99, 982 P.2d at 934; *State v. Mauro,* 121 Idaho 178, 180, 824 P.2d 109, 111 (1991). In Idaho, the trial court must follow the minimum requirements of I.C.R. 11(c) in accepting guilty pleas. *Ray,* 133 Idaho at 99, 982 P.2d at 934; *Mauro,* 121 Idaho at 180, 824 P.2d at 111. If the record indicates that the trial court followed the requirements of Rule 11(c), this is a prima facie showing that the plea is voluntary and knowing. *Ray,* 133 Idaho at 99, 982 P.2d at 934; *State v. Miller,* 134 Idaho 458, 460, 4 P.3d 570, 572 (Ct.App. 2000). Idaho Criminal Rule 11(c) requires the following:

> Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:
>
> (1) The voluntariness of the plea.
>
> (2) The defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply.
>
> (3) The defendant was advised that by pleading guilty the defendant would waive the right against compulsory self-incrimination, the right to trial by jury, and the right to confront witnesses against the defendant.
>
> (4) The defendant was informed of the nature of the charge against the defendant.
>
> (5) Whether any promises have been made to the defendant, or whether the plea is a result of any plea bargaining agreement, and if so, the nature of the agreement and that the defendant was informed that the court is not bound by any promises or recommendation from either party as to punishment.

The record, including reasonable inferences drawn therefrom, must affirmatively show that the plea was voluntary, that the defendant waived the three constitutional rights, and that he or she understood the consequences of pleading guilty. *State v. Rodriguez,* 117 Idaho 292, 294, 787 P.2d 278, 280 (1990). This may be shown from sources other than the defendant, such as counsel. *Id.* at 295, 787 P.2d at 281. Voluntariness of the guilty plea and waiver can be inferred from all the relevant surrounding circumstances contained in the record as a whole. *State v. Dopp,* 124 Idaho 481, 484, 861 P.2d 51, 54 (1993); *Carrasco,* 117 Idaho at 298, 787 P.2d at 284.

Izzard maintains that he was not informed of the nature of crime of aggravated battery to which he pled guilty. However, a review of the record of the entire proceedings pursuant to Rule 11(c) reveals otherwise. In response to the district court's questioning at the plea hearing, Izzard stated that he discussed with his attorney the facts of the case, the applicable law, the defenses to the original charges, the reasons to go to trial rather than plead guilty, and the maximum sentence. Furthermore, Izzard completed a written plea questionnaire in which he acknowledged that he was accused of aggravated battery, that he understood that such crime was a felony, that he had received and read the prosecutor's information, that he had fully discussed with his attorney all facts and circumstances surrounding the charge against him, and that his attorney had discussed with him any possible defense to the charge. Based upon the record of the entire proceedings, including reasonable inferences drawn therefrom, we conclude that the district court did not err in finding that Izzard was informed regarding the nature of the charge of aggravated battery to which he pled guilty.

### III.

### CONCLUSION

We conclude under the facts of this case that the district court had jurisdiction to accept Izzard's plea of guilty to the crime of aggravated battery. We also conclude that Izzard failed to show that he did not voluntarily and knowingly plead guilty. Therefore, the district court's orders denying Izzard's motion to withdraw his guilty plea and

dismissing his application for post-conviction relief are affirmed.

Judge LANSING and Judge Pro Tem CARLSON, concur.