IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38056

| STATE OF IDAHO, | ) | 2012 Opinion No. 55 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 26, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JERRY LEE OLIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction for sexual abuse of a child under the age of sixteen years, Count I vacated and case remanded.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant. Diane M. Walker argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

GUTIERREZ, Judge

Jerry Lee Olin appeals from his judgment of conviction following his entry of guilty pleas to three counts of sexual abuse of a child under the age of sixteen years, charged in an amended indictment. Specifically, Olin asserts the district court lacked subject matter jurisdiction over Count I because the statute defining sexual abuse that existed at the time Olin allegedly committed the acts in the amended indictment did not criminalize those acts. We vacate the judgment of conviction as to Count I and remand the case for further proceedings.

## I.

## FACTS AND PROCUDERE

In November 2009, a grand jury indicted Olin on three counts of lewd conduct with a minor under sixteen and five counts of sexual abuse of a child under the age of sixteen years for acts allegedly committed against Olin's three step-daughters between November 2001 and September 2002. Pursuant to a plea agreement, the State filed an amended indictment charging

1

Olin with three counts of sexual abuse of a child under the age of sixteen years and moved to dismiss the other counts in the original indictment. Olin pled guilty to each of the three counts in the amended indictment: Count I alleged Olin committed sexual abuse by masturbating in the presence of a child in violation of Idaho Code § 18-1506(1)(d); Counts II and III alleged Olin sexually abused two children by rubbing each of their breasts in violation of Idaho Code § 18-1506(1)(b).

The district court entered a judgment of conviction and imposed concurrent, unified sentences of twenty years, with ten years determinate, for each count. Olin appealed. After Olin filed his appeal, the State filed an Idaho Criminal Rule 35 motion for a correction of the sentences because the statutory maximum punishment for sexual abuse of a child committed in 2001 and 2002 was fifteen years and Olin's sentences were, therefore, illegal. The district court amended the judgment to reflect sentences of concurrent, unified terms of fifteen years, with ten years determinate, for each count.[1] On appeal, Olin asserts the district court lacked subject matter jurisdiction over Count I in the amended indictment, requiring this Court to vacate the judgment of conviction.

## II.

## DISCUSSION

Criminal charging documents serve to provide a jurisdictional grounding for the court to hear the case, to provide notice of the charge to the defendant against which he must defend himself, and to prevent a defendant from being subject to double jeopardy. *See State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004) (noting that the charging document in a criminal case confers jurisdiction on the district court); *State v. Holcomb*, 128 Idaho 296, 300, 912 P.2d 664, 668 (Ct. App. 1995) (stating that to fulfill the functions of criminal pleading, such pleading must first contain the elements of the offense charged to fairly inform the defendant of the charge, and second, it must enable a defendant to bar future prosecutions for the same offense). To serve these functions, a charging document must be legally sufficient to impart jurisdiction and satisfy due process. *State v. Severson*, 147 Idaho 694, 708, 215 P.3d 414, 428 (2009).

---

[1] The amended judgment contains a clerical error in that it reflects the counts contained in the original indictment, rather than the counts as alleged in the amended indictment to which Olin pled guilty. This error may be corrected on remand pursuant to Idaho Criminal Rule 36. *See State v. Armstrong*, 146 Idaho 372, 373 n.1, 195 P.3d 731, 732 n.1 (Ct. App. 2008).

Whether a charging document conforms to legal requirements and whether a court has jurisdiction are questions over which we exercise free review. *Id.*

A charging document--whether it is an indictment or an information--confers jurisdiction if it alleges that the defendant committed a criminal offense within the State of Idaho. *Id.*; *State v. Jones*, 140 Idaho 755, 757-58, 101 P.3d 699, 701-02 (2004). The document satisfies due process when it, among other things, contains factual specificity adequate to inform a person of common understanding to know what is intended and to shield against double jeopardy. *Severson*, 147 Idaho at 708, 215 P.3d at 428. While any due process claims of insufficiency can be waived, a challenge asserting that the charging indictment is jurisdictionally deficient is never waived. *Id.*; *Jones,* 140 Idaho at 758, 101 P.3d at 702. Idaho Criminal Rule 12(b)(2) allows objections regarding defects in the charging document to be raised at any time through the course of proceedings if the defect is jurisdictional or results in a failure to charge an offense. Olin argues, for the first time on appeal, that Count I in the amended indictment failed to confer subject matter jurisdiction precisely because it failed to charge an offense.

In *State v. Izzard*, 136 Idaho 124, 127, 29 P.3d 960, 963 (Ct. App. 2001), this Court held that a jurisdictional defect exists when: (1) the alleged facts are not made criminal by statute; (2) there is a failure to state facts essential to establish the offense charged; (3) the alleged facts show on their face that the court has no jurisdiction of the charged offense; or (4) the allegations fail to show that the offense charged was committed within the territorial jurisdiction of the court.[2] More recently, however, the Idaho Supreme Court has modified the jurisdictional analysis by differentiating between due process issues and those involving jurisdiction. Now, a charging document's failure to state facts with specificity to support the charge or failure to allege an essential element of the crime are not fatal to jurisdiction on challenges made after trial or for the first time on appeal if the charging document cites to the applicable code section. *See Jones*, 140 Idaho at 760, 101 P.3d at 704; *see also State v. Quintero,* 141 Idaho 619, 621-22, 115 P.3d 710, 712-13 (2005) (citing to *Jones*, finding that failure to allege an element of the crime, proven at trial, was not fatal to jurisdiction, as the element could be read into the charging document by reference to the applicable code cited in the information). The parties here disagree

---

[2] The Idaho Supreme Court has also identified another type of jurisdictional defect regarding an indictment, which is the issuance of an indictment after a grand jury term has expired. *State v. Lute*, 150 Idaho 837, 252 P.3d 1255 (2011).

as to whether there exists a jurisdictional or due process defect. If the alleged defect is not jurisdictional, the claim has been waived.

Under the circumstances presented here, the amended indictment was insufficient to impart jurisdiction over Count I. There is a distinction between a failure to allege an element of the offense or a material fact--which may be later proven, admitted to, or inferred from the language in the document and the cited statute--establishing what is actually a crime, and alleging acts that do not constitute a crime according to the laws of the State. Our courts "have many times rejected jurisdictional challenges to charging documents because their factual allegations could fairly be construed to include elements that were claimed by defendants to have been omitted." *State v. Murray*, 143 Idaho 532, 536, 148 P.3d 1278, 1282 (Ct. App. 2006); *see also State v. Cook*, 143 Idaho 323, 326, 144 P.3d 28, 32 (Ct. App. 2006) (implying the element of "knowing" from the word "purchase" in the indictment to find jurisdiction); *State v. McNair*, 141 Idaho 263, 268, 108 P.3d 410, 415 (Ct. App. 2005) (finding jurisdiction by implying the element of negligence from the terms "carelessly," "imprudently," and "inattentively"); *State v. Halbesleben*, 139 Idaho 165, 168, 75 P.3d 219, 222 (Ct. App. 2003) (finding jurisdiction by inferring the defendant had "care and custody" of the child, an element of the crime, by reference to the defendant as the child's father). Yet, a jurisdictional defect is present when the facts alleged do not constitute a prosecutable act under the laws of the State, and the distinction in more recent cases between due process and jurisdictional challenges has not altered this outcome.[3]

In *State v. Wegner*, 148 Idaho 270, 220 P.3d 1089 (2009), the defendant pled guilty to one count alleging multiple acts of lewd conduct with a minor under sixteen years of age. The information alleged that the acts took place during a period of time when the defendant was between thirteen and fourteen years of age. Wegner could not be tried or convicted for acts committed before he reached fourteen years of age. We noted that the court had no jurisdiction over acts committed before Wegner reached fourteen; however, we determined that the district court had subject matter jurisdiction for two reasons. First, the indictment alleged facts and dates that made a portion of the acts criminal, as they occurred after the defendant reached fourteen

---

[3]    We also note Idaho Code § 19-301(1), which states, "Every person is liable to punishment by the laws of this state, for a public offense committed by him therein . . . . Evidence that a *prosecutable act* was committed within the state of Idaho is a jurisdictional requisite, and proof of such must be shown beyond a reasonable doubt." (Emphasis added).

4

years of age.  Second, by entering a guilty plea to *one count* covering all the criminal acts, the defendant admitted the fact of his age, making at least some of the acts contained within the single count a crime under applicable law.  Thus, the sufficiency of a charging document to impart subject matter jurisdiction rests on, among others, the condition that the facts--alleged, proven, admitted to, or later inferred--constitute a crime.  Though the Idaho Supreme Court affirmed Wegner's conviction on different grounds, finding the court was without jurisdiction to consider a motion to withdraw his guilty plea, it did not overrule or disagree with our jurisdictional analysis in regards to the charging document.  In fact, in regards to Wegner's claim that the information was jurisdictionally deficient, the Court noted, "Although not pertinent to our analysis of the jurisdictional issue, it is worthy of note that Wegner admitted at his sentencing hearing that he committed one of the acts charged when he was between fourteen and fifteen years of age." *Wegner*, 148 Idaho at 272 n.1, 220 P.3d at 1091 n.1.

Turning to the indictment in this case, Count I of the amended indictment alleged Olin committed sexual abuse of a child under the age of sixteen years by "masturbating in the presence of [a] child" on or between November 2001 and September 2002.  Though now a crime, as statutorily defined in 2001 and 2002, sexual abuse of a child under the age of sixteen years did not include such an act.  *See Mintun v. State*, 144 Idaho 656, 663-64, 168 P.3d 40, 47-48 (Ct. App. 2007) (holding that soliciting a child "to participate in a sexual act," which was prohibited by the sex abuse statute, did not include having the child watch and photograph the defendant's act of masturbating).  In fact, subsection (1)(d) of section 18-1506, the subsection that the amended indictment alleged Olin violated, did not exist in 2001 and 2002.[4]  Hence, this is not a circumstance where an element of the crime is missing in the indictment that, if inferred from the language of the document and cited code, would establish a crime, as in *Cook* or *McNair*, or where an allegation of fact in the indictment establishing a crime, although disputed, is admitted to by the entry of a guilty plea, as in *Wegner*.  Instead, this is a case where the defendant, by guilty plea, has admitted to all of the facts alleged in the amended indictment and, even still, the acts do not amount to a crime under the applicable law.  By looking at Count I in the amended indictment, including the dates alleged and the statute and its history, it is clear that

---

[4]     The Idaho Legislature amended the Idaho sexual abuse statute by adding subsections (1)(d) and (4), criminalizing the act of masturbating in the presence of a child, in 2008.  2008 Idaho Sess. Laws ch. 240 § 1.

not only does Count I not allege acts that constitute a crime committed in the years 2001 and 2002, but it also cites to a subsection of the code that did not exist in the years 2001 and 2002. Unlike the charging documents in cases such as *Jones* and *Quintero*, the amended indictment charging Olin does not even cite to a section of Idaho Code that is *applicable* to the acts alleged. Thus, we are unable to infer facts and elements of the crime to find jurisdiction. That the statute was amended after Olin committed the acts is of no consequence because in our jurisdictional analysis we look to the dates alleged and apply the law as it appeared in 2001 and 2002. If the indictment fails to charge an offense, there is no jurisdiction. *See Murray*, 143 Idaho at 537, 148 P.3d at 1283.

The State concedes that masturbating in the presence of a child did not constitute a crime under the sexual abuse statute as defined in 2001 and 2002, but nonetheless argues the amended indictment was sufficient to confer jurisdiction simply because it alleged acts occurring in Idaho and cited to a section of Idaho Code that existed at the time the indictment was issued. The State further responds by arguing that improper retroactive application of the sexual abuse statute in the 2009 amended indictment is a constitutional ex post facto defense, not a jurisdictional one, and that Olin knowingly, intelligently, and voluntarily waived this defense upon entering a guilty plea. Therefore, the State asserts Olin's argument, made for the first time on appeal, is not properly before this Court and that we should affirm Olin's judgment of conviction.

We first address the State's ex post facto argument. Article I, Section 9, Clause 3 of the United States Constitution and Article I, Section 16 of the Idaho Constitution prohibit ex post facto laws in order to prevent, among other things, the enactment of any statute that criminalizes an act that was innocent when done. *State v. Manzanares*, 152 Idaho 410, 420, 272 P.3d 382, 392 (2012). Though a criminal defendant may challenge a charge on ex post facto grounds prior to a guilty plea, *see State v. Gragg*, 143 Idaho 74, 75, 137 P.3d 461, 462 (Ct. App. 2005), generally a valid guilty plea waives all nonjurisdictional defects, whether constitutional or statutory in nature, in prior proceedings against the defendant unless the defendant preserves such defects by entering a conditional guilty plea. *State v. Hosey*, 134 Idaho 883, 889, 11 P.3d 1101, 1107 (2000); *State v. Salinas*, 134 Idaho 362, 367, 2 P.3d 747, 752 (Ct. App. 2000). As Olin did not enter a conditional guilty plea, the State is correct that an argument regarding application of subsection (1)(d) of section 18-1506 to Olin in Count I, for acts done prior to its enactment, is only properly before this Court if it is jurisdictional. *Manzanares*, 152 Idaho at

6

420, 272 P.3d at 392. The State asserts that while *Manzanares* did not specifically decide whether to treat all ex post facto issues as nonjurisdictional, the logical extension of the Idaho Supreme Court's holding would be for this Court to conclude that Olin's argument is nonjurisdictional and, therefore, waived.

The State's position is an overbroad reading of the proposition *Manzanares* stands for, and we find this case is distinguishable. The defendant in *Manzanares* argued for the first time on appeal that application of the Idaho Criminal Gang Enforcement Act (ICGEA) provisions against her were in violation of the ex post facto clauses. The Supreme Court concluded the issue was not properly before the Court on appeal because first, the issue was not specified in Manzanares's reservation of rights in her conditional guilty plea, and second, "Manzanares [did] not argue that the information fail[ed] to confer jurisdiction." *Manzanares*, 152 Idaho at 420, 272 P.3d at 392. Here, Olin did not raise an ex post facto issue, but rather, Olin squarely argues that the amended indictment failed to confer subject matter jurisdiction on the district court on Count I because it does not allege a factual or legal basis establishing a crime. It is the State that transforms his position into one regarding the ex post facto clauses. Furthermore, Manzanares acknowledged that the pleadings (the information and later amendments thereto) alleged a violation of the pertinent Idaho statute, occurring in Idaho, and "on date(s) subsequent to the enactment of the ICGEA." *Manzanares*, 152 Idaho at 420, 272 P.3d at 392. As a result, the Idaho Supreme Court considered the ex post facto issue, on the facts of that case, to be nonjurisdictional. *Id.* Unlike the charging document in *Manzanares*, which the defendant conceded alleged acts that occurred after the enactment of the pertinent statute, here, the State concedes the amended indictment *does not* allege acts that were criminal under the existing sexual abuse statute in 2001 and 2002. Under the facts of this case, we cannot come to the same conclusion as the *Manzanares* Court did. Here, the indictment and amendment thereto allege a violation of the pertinent Idaho statute, occurring in Idaho, but on dates *prior* to the enactment of that statute.

Next, the State's argument that the amended indictment is sufficient to confer jurisdiction because it alleges acts occurring in Idaho and cites to a subsection of the Idaho Code that existed when the indictment was issued, though not when the acts were committed, is unavailing because of its reliance on federal law. Stemming from the United States Supreme Court's holding in *United States v. Cotton*, 535 U.S. 625, 630 (2002), federal and other state courts have concluded

that defects in an indictment are not fatal to jurisdiction. *See United States v. Jacquez-Beltran*, 326 F.3d 661, 662 (5th Cir. 2003); *United States v. Carr*, 303 F.3d 539, 542-43 (4th Cir. 2002); *United States v. Leos-Maldonado*, 302 F.3d 1061, 1064-65 (9th Cir. 2002); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002); *see also State v. Ortiz*, 34 A.3d 599, 603-04 (N.H. 2011) (holding defects in an indictment do not divest the trial court of its power to try the case); *State v. Barton*, 844 N.E.2d 307, 318 (Ohio 2006) (holding that the alleged defect in pleading an element of the crime could not be raised following the entry of a guilty plea). Our courts, however, have not adopted the holdings in *Cotton* or its progeny. *Murray*, 143 Idaho at 535, 148 P.3d at 1281. Moreover, even in decisions made post-*Cotton*, which narrowed subject matter jurisdiction challenges, some courts still find a distinction between the failure to allege an element of the crime versus the failure to allege behavior that is criminal under the pertinent statute. In those courts, where the defect is not merely a missing element or fact, but is an allegation of conduct that, as a matter of law, is outside the purview of the statute charged, the defect is still jurisdictional. *See United States v. Peter*, 310 F.3d 709, 715-16 (11th Cir. 2002) (holding a court is without jurisdiction to accept a guilty plea to a nonoffense and all criminal proceedings thereafter are void); *United States v. Moloney*, 287 F.3d 236, 239 (2d. Cir. 2002) (holding a guilty plea does not waive a claim that the indictment charges a nonoffense because such a claim asserts a jurisdictional defect); *see also United States v. Rosa-Ortiz*, 348 F.3d 33, 36 (1st Cir. 2003) (citing *Peter* and finding a court lacks jurisdiction to enter a judgment of conviction when the indictment charges no offense under applicable law); *but see United States v. Hedaithy*, 392 F.3d 580, 588-89 (3d. Cir. 2004) (deciding a defendant's challenge to the indictment, that it failed to charge an offense, independently of any jurisdictional ground and instead holding that such a challenge could be heard for the first time on appeal based on language in Federal Rule of Criminal Procedure 12(b)(2) regarding the failure to charge an offense).

Under our jurisprudence, the court lacked jurisdiction over Count I in the amended indictment in this case because the indictment alleged acts that are not made criminal by the applicable statute. Therefore, we vacate Olin's judgment of conviction as to Count I and remand the case for further proceedings. The State is still entitled to receive the reciprocal benefit of the plea agreement for which it and the defendant bargained. *State v. Holdaway*, 130 Idaho 482, 484, 943 P.2d 72, 74 (Ct. App. 1997). Because a defendant is ordinarily not allowed to retain the

benefits of a plea agreement while at the same time disclaiming aspects that benefit the State, *id.*, the district court will need to decide upon remand whether, consistent with the plea agreement, the State is entitled to reinstate one of the dismissed charges.

## III.

## CONCLUSION

We conclude that Count I, to which Olin pled guilty, failed to charge a crime and, under Idaho jurisprudence, such a defect fails to confer subject matter jurisdiction. Accordingly, we vacate the judgment of conviction as to Count I and remand the case for proceedings consistent with this opinion.

Chief Judge GRATTON and Judge LANSING **CONCUR.**