IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 46758

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: January 10, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOSHUA PAUL KAGARICE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge. Hon. James D. Combo, Magistrate.

Decision of the district court, on intermediate appeal reversing the magistrate court's order dismissing the case, affirmed; and case remanded.

Sullivan Law Office, PLLC; Joseph R. Sullivan, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Joshua Paul Kagarice appeals from the district court's intermediate appellate decision finding the magistrate court abused its discretion. Kagarice, an Idaho State Police (ISP) officer, arrested Courtney Madsen for resisting and obstructing Kagarice's investigation into a nuisance complaint for a previously activated car alarm. Because of the circumstances surrounding the arrest, another law enforcement agency investigated whether Kagarice's arrest of Madsen was lawful. Thereafter, Kagarice was charged with misdemeanor unlawful arrest, but a magistrate court ultimately dismissed the case against Kagarice. On intermediate appeal, the district court reversed that magistrate court's decision, and Kagarice appeals to this Court arguing Kagarice lawfully arrested Madsen.

The district court did not err when it reversed the magistrate court's dismissal of Kagarice's case pursuant to Idaho Criminal Rule 48(a)(2). The district court also did not err in

1

reversing the magistrate court under I.C.R. 12(b)(2), albeit for an incorrect reason. We therefore affirm the decision of the district court on these two grounds, but we reverse the legal findings set forth in the district court's decision and remand the case.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Kagarice received a complaint from his wife about a car alarm going off in their neighborhood shortly before 4:00 a.m. Kagarice located the car in the neighborhood and knocked at the door of the residence, but no one answered. By the time Kagarice left the property, the car alarm had stopped.

Kagarice returned to the property that evening and made contact with the owner of the car, Madsen. Kagarice asked Madsen her name and Madsen provided her first name but not her last name. Kagarice explained he was investigating a misdemeanor and Madsen was required to identify herself, but Madsen still refused to provide her last name. Kagarice told Madsen multiple times that she would be arrested if she refused to identify herself. Kagarice also told Madsen to exit the residence because of safety concerns, but Madsen refused. Kagarice then arrested Madsen for resisting and obstructing the investigation of a nuisance based on Madsen's refusal to identify herself and her refusal to exit the residence.

After the arrest, Kagarice submitted an affidavit in support of the warrantless arrest which included a probable cause order, asking a magistrate court to find probable cause that Madsen committed the crime of misdemeanor resisting and obstructing. Judge Eckhart found that probable cause existed for the arrest of Madsen's alleged crime of resisting and obstructing, and signed the probable cause order.

Thereafter, a detective from the Kootenai County Sheriff's Office was assigned by ISP to investigate whether Kagarice unlawfully arrested Madsen. The detective presented evidence to a second magistrate, Judge Walsh, for a probable cause determination that Kagarice unlawfully arrested Madsen. The evidence included: a transcript of an interview with Kagarice, a transcript of an interview with Madsen, a transcript of an interview with one of Madsen's neighbors, and a copy of Kagarice's affidavit in support of probable cause which included the unsigned probable cause order. Judge Walsh found probable cause for a complaint to issue against Kagarice for the crime of unlawful arrest and ordered Kagarice to appear pursuant to a summons.

Kagarice filed two motions to dismiss.  A third magistrate, Judge Combo, heard the motions and dismissed the case.  Judge Combo listed several bases on which to dismiss the case and ultimately concluded that dismissal pursuant to I.C.R. 48(a)(2) was the only appropriate sanction, partly because the State failed to provide exculpatory evidence and partly to serve the ends of justice and the effective administration of the court's business.

The State appealed to the district court and argued the magistrate court abused its discretion.  In its memorandum decision, the district court reversed three of Judge Combo's five findings and remanded the case to the magistrate court to be set for a jury trial.[1]

Kagarice timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court division, this Court's standard of review is the same as expressed by the Idaho Supreme Court.  The Supreme Court reviews the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings.  *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009).  If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate court's decision, we affirm the

---

[1]     The State appealed from the magistrate court's decision to the district court pursuant to Idaho Criminal Rule 54.  The State requested the preparation of the transcript and the entire clerk's record for the appeal.  In its notice of settling the transcript on appeal, the clerk notified the parties that the transcript, the clerk's record, and any exhibits admitted at trial were filed with the district court pursuant to I.C.R. 54.  Idaho Criminal Rule 54(h) states that "the clerk's record is the official court file of the criminal proceeding appealed to the district court, including any minute entries or orders together with the exhibits offered or admitted."  Alternatively, on order of the magistrate court, a certified copy of the official file may be filed with the district court, with the magistrate court retaining the original file.  I.C.R. 54(h).  The clerk's notice is unclear whether the entire magistrate court file became the appellate record or whether some compilation of documents was filed as the record.  No such compilation appears as part of this Court's appellate record.

Here, the district court took judicial notice of records, exhibits, or transcripts from the magistrate court file pursuant to Idaho Rule of Evidence 201.  If the entire magistrate court file comprised the record on appeal to the district court, it is unclear why the district court would take judicial notice of documents already in the record.  If there was a record filed with the district court that did not include the documents of which the district court took judicial notice, the district court erred, because an appellate court cannot consider items outside of the record on appeal.  *Rizzo v. State Farm Insurance Company*, 155 Idaho 75, 80, 305 P.3d 519, 524 (2013).

3

district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Kagarice argues his arrest of Madsen was lawful, and thus, the district court erred when it reversed the magistrate court's order to dismiss. Kagarice claims the magistrate court correctly found: (1) Kagarice had lawful authority to make contact with and to identify Madsen for purposes of investigating a potential misdemeanor; (2) Madsen had an obligation to identify herself; (3) Kagarice had lawful authority to arrest Madsen for resisting and obstructing by failing to identify herself; and (4) the dismissal of the case was the only appropriate sanction.

While investigating whether Kagarice's arrest of Madsen was unlawful, the detective assigned to Kagarice's case presented evidence to Judge Walsh for a probable cause determination. However, the affidavit given to Judge Walsh by the detective in Kagarice's case did not include the judicially signed probable cause order from Madsen's case. Instead, the detective presented a copy of Kagarice's affidavit in support of the warrantless arrest of Madsen that lacked Judge Eckhart's probable cause finding. Upon reviewing the evidence in the present case, a third magistrate, Judge Combo, determined the State erred when it presented Judge Walsh with a copy of Kagarice's affidavit that lacked Judge Eckhart's signature, since it suggested that no probable cause was found in the underlying case against Madsen. Judge Combo found that the judicially signed probable cause determination in Madsen's case was material and exculpatory, and the detective was required to provide this information when requesting a probable cause determination for the charge of unlawful arrest in Kagarice's case. Holding that

4

the State failed to provide exculpatory evidence, Judge Combo dismissed the case pursuant to I.C.R. 48(a)(2) as a sanction and found the dismissal was the only appropriate remedy.

As a point of clarification, Kagarice filed two separate motions to dismiss, and the State responded to each individually. The first motion asserted eight grounds for dismissal; four grounds pursuant to I.C.R. 12(b)(2) and four grounds pursuant to I.C.R. 48(a)(2). The second motion alleged that the statute at issue was void for unconstitutional vagueness. The magistrate court reviewed and considered Kagarice's motions to dismiss, and found that dismissal was the only appropriate sanction in the matter pursuant to I.C.R. 48(a)(2). Although the magistrate court did not explicitly address dismissal pursuant to I.C.R. 12(b)(2), the magistrate court's reasoning--whether Kagarice had lawful authority to arrest Madsen--was an analysis of an I.C.R. 12(b)(2) claim; i.e., that the complaint was either jurisdictionally deficient or failed to charge an offense. On intermediate appeal, the parties cited only I.C.R. 48(a)(2) and argued whether a dismissal was warranted based on that rule; but the parties again addressed whether the arrest of Madsen by Kagarice was lawful, implicitly arguing the applicability of I.C.R. 12(b)(2). Similarly, although on intermediate appeal the district court stated dismissal pursuant to I.C.R. 12(b)(2) was not at issue, the district court proceeded to analyze whether the complaint charged a prosecutable offense and whether Kagarice's arrest of Madsen was unlawful. Thus, at all levels of this appeal, the parties and the courts have addressed the I.C.R. 12(b)(2) claims without articulating the correct standard. For purposes of clarification, this Court addresses both I.C.R. 12(b)(2) and I.C.R. 48(a)(2).

**A.      The District Court Did Not Err When It Found the Magistrate Court's Dismissal of the Case Was Inappropriate Pursuant to I.C.R. 12(b)(2)**

Here, the parties and both courts implicitly addressed the I.C.R. 12(b)(2) standard, and thus, the issue of whether the complaint was subject to dismissal pursuant to I.C.R. 12(b)(2) is properly before this Court.

Idaho Criminal Rule 12(b)(2) provides "defenses and objections based on defects in the complaint, indictment or information (other than that it fails to show jurisdiction of the court or to charge an offense, which objections may be made at any time during the pendency of the proceedings)" must be raised prior to trial. Whether a court lacks jurisdiction and whether a charging document conforms to the requirements of law are questions of law over which appellate courts exercise free review. *State v. Murray*, 143 Idaho 532, 534, 148 P.3d 1278, 1280 (Ct. App. 2006). Because the district court freely reviewed the affidavit in support of the

5

warrantless arrest in this case, the district court used the correct standard to determine the sufficiency of the charging document against Kagarice. However, although it recognized the correct standard of review, the district court's analysis was misplaced.

Although the district court went to great lengths to consider whether Kagarice's arrest of Madsen was lawful, the issue pursuant to I.C.R. 12(b)(2) was not the legality of the arrest, but rather, whether the charging document gave the magistrate court jurisdiction such that the case should have proceeded to trial. In other words, the issue was whether the complaint against Kagarice constituted a prosecutable act. This determination rests on whether the facts as alleged, proven, admitted to, or later inferred, constitute a crime. *State v. Olin*, 153 Idaho 891, 894, 292 P.3d 282, 285 (Ct. App. 2012). This determination does not require this Court to decide whether Kagarice's arrest of Madsen was unlawful. Instead, the correct test for analyzing an I.C.R. 12(b)(2) claim is the one set forth in *State v. Izzard*, 136 Idaho 124, 29 P.3d 960 (Ct. App. 2001), which explained a jurisdictional defect exists when: (1) the alleged facts are not made criminal by statute; (2) there is a failure to state facts essential to establish the offense charged; (3) the alleged facts show on their face that the court has no jurisdiction of the charged offense; or (4) the allegations fail to show that the offense charged was committed within the territorial jurisdiction of the court. *Id.* at 127, 29 P.3d at 963. A jurisdictional defect is present when the facts alleged do not constitute a prosecutable act under the laws of the state. *Olin*, 153 Idaho at 894, 292 P.3d at 285. The sufficiency of the charging document to impart subject matter jurisdiction therefore depends on the condition that the facts--alleged, proven, admitted to, or later inferred--constitute a crime. *Id.*

Here, the facts as alleged in the complaint, if proven, constituted a prosecutable act under the laws of the state and met all other elements set forth in *Olin* and *Izzard*. As a result, the complaint in this case imparted jurisdiction, and thus, the magistrate court erred when it dismissed the complaint based on an analysis of the lawfulness of Madsen's arrest rather than on whether the facts, if proven, constituted a prosecutable offense. Although the district court's decision to reverse the magistrate court was correct, the district court ruled on the same erroneous ground as the magistrate court--whether Madsen's arrest was lawful. To the extent the district court characterized its findings on the lawfulness of Madsen's arrest as legal findings, the district court removed a factual element of the offense from a determination by the fact finder. To decide a factual element of the offense by categorizing that determination as a legal

6

conclusion deprives the parties of a trial and a factual determination on each element. Because the facts, if proven, constituted a prosecutable offense, the district court correctly reversed the magistrate court on this basis, albeit on different grounds.

**B. The District Court Did Not Err When It Found the Magistrate Court's Dismissal of the Case Was Inappropriate Pursuant to I.C.R. 48(a)(2)**

Kagarice claims the district court erred when it reversed the magistrate court's dismissal of the complaint pursuant to I.C.R. 48. Kagarice argues that the State violated his right to due process when it failed to disclose that probable cause for an arrest warrant had been found in Madsen's underlying criminal case. Pursuant to I.C.R. 48(a)(2), if the court finds sufficient reason, the court may dismiss a criminal action upon concluding that dismissal will serve the ends of justice and the effective administration of the court's business. Generally, misconduct will support dismissal only when it reaches the level of a constitutional due process violation. *State v. Edmonson*, 113 Idaho 230, 237, 743 P.2d 459, 466 (1987). In order to be entitled to dismissal on due process grounds, the defendant must affirmatively show prejudice caused by the misconduct. *Id.* Dismissal is a drastic remedy and should be exercised only in extreme and outrageous situations, and therefore, the defendant has a heavy burden. *Id.*

Kagarice argues that the magistrate court might not have found probable cause in this case if it had been provided with the signed probable cause order from Madsen's case. However, as noted above, the magistrate court did not need to determine the lawfulness of Madsen's arrest in finding that the facts alleged in this case, if proven, constituted a prosecutable offense. Therefore, whether the magistrate court here was provided with the signed or unsigned probable cause order from Madsen's case was immaterial. Thus, Kagarice cannot show prejudice, and the district court correctly reversed the magistrate court's dismissal pursuant to I.C.R. 48(a)(2).

## IV.

## CONCLUSION

The district court did not err when it reversed the magistrate court's dismissal of Kagarice's case pursuant to Idaho Criminal Rule 48(a)(2). The district court also did not err in reversing the magistrate court under I.C.R. 12(b)(2), albeit for an incorrect reason. We therefore affirm the decision of the district court on these two grounds, but we reverse the legal findings set forth in the district court's decision and remand the case for further proceedings consistent with this opinion.

Judge GRATTON and Judge LORELLO **CONCUR**.