# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36238

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent, | ) | Boise, November 2009 Term |
| | ) | |
| v. | ) | 2009 Opinion No. 138 |
| | ) | |
| MICAH NATHANIEL WEGNER, | ) | Filed: November 25, 2009 |
| | ) | |
| Defendant-Appellant. | ) | Stephen W. Kenyon, Clerk |
| _____ | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

The district court's order is <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Dennis Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General, for respondent. Kenneth K. Jorgensen argued.

_____

J. JONES, Justice.

Micah Wegner appeals the district court's denial of his Rule 33 motion to withdraw his guilty plea. We affirm.

## I.

In March of 2001, the State filed a juvenile petition charging Micah Wegner, born August 21, 1983, with two counts of lewd conduct with a minor under the age of sixteen pursuant to Idaho Code section 18-1508. The State filed a motion for waiver of juvenile jurisdiction, and in January of 2002, Wegner was charged as an adult. Pursuant to a nonbinding plea agreement, Wegner pleaded guilty to one count of approximately thirteen separate acts of vaginal and anal intercourse and manual/genital contact with his sister and stepbrother committed between February 18, 1995, and May 3, 1998, while Wegner was between the ages of eleven years, six months, and fourteen years, eight months. On August 7, 2002, the district court entered a

1

judgment of conviction and sentenced Wegner to a twenty-year term of imprisonment, with five years fixed, but retained jurisdiction for 180 days. On January 27, 2003, the district court relinquished jurisdiction.

On February 26, 2003, Wegner filed a timely appeal from the judgment of conviction and order relinquishing jurisdiction, arguing that he was improperly waived into adult court and that his sentence was excessive. The Court of Appeals affirmed the judgment of conviction and sentence in an unpublished opinion. A remittitur was issued on April 15, 2004.

Two and a half years later, on December 1, 2006, Wegner filed a pro se "Motion to Withdraw Plea to Correct Manifest Injustice, I.C.R. 33(c)," arguing he could not have been found guilty because he was under the age of fourteen at the time of the alleged offense and Idaho Code section 20-509 does not list lewd conduct as one of the offenses for which minor children can be tried as adults. Wegner also filed a motion for appointment of counsel. The district court found that it lacked jurisdiction because Wegner had not filed the motion until more than two years after the remittitur was issued in his direct appeal and therefore denied Wegner's motion to withdraw his guilty plea. The district court also denied Wegner's motion for appointment of counsel on the basis that the motion was frivolous. Wegner appealed, and in January of 2009, the Court of Appeals concluded that while the district court erred in ruling that it did not have jurisdiction to adjudicate the Rule 33 motion, it was not reversible error because there was no basis for the withdrawal of the guilty plea. Accordingly, the Court of Appeals affirmed the district court's denial of Wegner's Rule 33 motion as well as the motion for appointment of counsel. Wegner then requested review by this Court.

**II**.

This Court grants review of decisions of the Idaho Court of Appeals in strictly limited circumstances. Under Idaho Appellate Rule 118(b), the "[g]ranting [of] a petition for review from a final decision of the Court of Appeals is discretionary on the part of the Supreme Court, and will be granted only when there are special and important reasons . . . ." Idaho App. R. 118(b). While this Court gives serious consideration to the views of the Court of Appeals when considering a case on review from that court, it reviews the district court's decision directly. *State v. Doe*, 144 Idaho 819, 821, 172 P.3d 1094, 1096 (2007).

2

**A.**

The issue in this case is whether the district court had jurisdiction to consider Wegner's Rule 33 motion to withdraw his guilty plea. Wegner premises his Rule 33 motion on the claim that the charging information was jurisdictionally deficient because it does not specify, in certain terms, that Wegner committed a criminal act when he was above the age of fourteen. However, irrespective of the merits of Wegner's claim,[1] the district court was without jurisdiction to consider his Rule 33 motion.

In *State v. Jakoski*, we stated:

> Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal.

139 Idaho 352, 355, 79 P.3d 711, 714 (2003). We noted that Rule 33(c) of the Idaho Criminal Rules does not include any provision extending the jurisdiction of the trial court for purposes of hearing a motion to withdraw a guilty plea. *Id.* The Court held that once a judgment of conviction becomes final, "the district court no longer [has] jurisdiction to hear a motion to withdraw [a] guilty plea." *Id.*

Wegner seeks, in essence, to utilize Rule 33 as a means of collaterally attacking a judgment that has become final. We decline to allow such an attack. The appropriate avenue for obtaining relief from a final judgment of conviction is a proceeding brought pursuant to the Uniform Post-Conviction Procedure Act set out in Chapter 49, Title 19, Idaho Code. Wegner may not utilize Rule 33 as a means of circumventing or supplementing this statutory remedy. In this case, the judgment of conviction became final prior to the time Wegner filed his motion to withdraw his guilty plea, and thus the district court was without jurisdiction to rule on the motion. Therefore, we affirm the district court's denial of Wegner's Rule 33 motion.

**B.**

Wegner additionally argues that the district court erred in denying his motion for appointment of counsel. However, because the district court correctly determined that it lacked jurisdiction to hear Wegner's motion to withdraw his plea, it properly found his motion for appointment of counsel to be frivolous under I.C. § 19-852(b)(3).

---

[1] Although not pertinent to our analysis of the jurisdictional issue, it is worthy of note that Wegner admitted at his sentencing hearing that he committed one of the acts charged when he was between fourteen and fifteen years of age.

3

**III.**

We affirm the district court's denial of Wegner's motions.

Justices W. JONES and HORTON, and Justices Pro Tem TROUT and KIDWELL CONCUR.